**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PETPIVOT INC.,

                    Plaintiff,

     v.                                 Case No.: 8:26-cv-01554-VMG-TGW

Shenzhen Yingqi Environmental Art Co., Ltd.
D/B/A FumoiShop and Zhi Yang

                    Defendants.       /

_____

**SERVICE OF PROCESS STATUS REPORT**

Plaintiff PetPivot Inc. ("***Plaintiff***"), pursuant to the Court's July 6, 2026 Order directing Plaintiff to file a status report on the efforts to perfect service of process (ECF No. 8), respectfully states as follows:

**I.    Background**

Plaintiff filed this patent-infringement action against Defendants Shenzhen Yingqi Environmental Art Co., Ltd. d/b/a FumoiShop ("***FumoiShop***") and Zhi Yang ("***Yang***") on May 27, 2026. ECF No. 3. Both Defendants are located in China, and Plaintiff has undertaken significant efforts to locate and verify physical addresses at which Defendants may be served. Despite those efforts, Plaintiff has been unable to locate valid addresses for either Defendant (necessitating the July 9, 2026 *Motion for Alternative Service* (ECF No. 9) filed by Plaintiff).

**II.    Plaintiff's Efforts to Locate and Verify Defendants' Addresses**

Defendant FumoiShop's Amazon seller-information page identifies the following mailing address (which has been translated from Chinese): Longhua District, Dalang Subdistrict, Longping Community, Huigang Zundi Building C1, Unit 403-01, Shenzhen, Guangdong 518000, China.

*See, e.g.*, ECF No. 3-6. Plaintiff likewise obtained the following address for Defendant Yang from records maintained by the United States Patent and Trademark Office concerning the FUMOI trademark: Group 2, Gangxia, Tangjiao Village, Youshi Township, Shangyou County, Ganzhou, Jiangxi, China. *See, e.g.*, ECF No. 3-9. Plaintiff undertook extensive and diligent efforts to verify these addresses; including:

- *First*, Plaintiff reviewed commercially available electronic mapping and geolocation resources (e.g., Google Maps). This investigation showed that:
  - o The address for Defendant FumoiShop is shown as not existing. *See, e.g.*, **Exhibit A** hereto (showing a printout from Google Maps noting that the address cannot be found).

  - o The address for Defendant Yang is shown as not existing (and, instead, is only shown as a partial match in a rural area in China). *See, e.g.*, **Exhibit B** hereto (showing a printout from Google Maps noting that the address cannot be found).

- *Second*, the research librarians at Plaintiff's firm conducted a deeper inquiry using various public-record databases, business-information platforms, and skip-trace resources. Despite these efforts, the searches failed to locate or verify either address.

- *Third*, the undersigned worked with co-counsel in China and with representatives of the Plaintiff (which has operations in China) to further investigate this issue.
  - o Plaintiff sent one of its Chinese personnel to Defendant FumoiShop's address. Plaintiff's Chinese personnel confirmed that there is no "Unit 403-01." Rather, Plaintiff's Chinese personnel found only a "Unit 403" which appears to be a residential – not a commercial – apartment as shown in the photograph at right.

  

  - o Plaintiff's Chinese personnel confirmed that Defendant Yang's address is a rural address and that "group 2"

does not appear on the map (and, thus, the personnel were unable to coordinate an in-person visit).

### III.    Pending Motion for Alternative Service

Plaintiff respectfully submits that its efforts thus far to locate Defendants have been reasonable (and, indeed, exhaustive). Moreover, Plaintiff submits that these efforts further support its pending Motion for Alternative Service (ECF No. 9). As noted in such Motion, Plaintiff explained the various views courts in the Middle District have taken regarding alternative service of process against Chinese defendants. See ECF No. 9, at 5-6. What is not disputed, however, is that "[t]he Hague Service Convention does not apply—and therefore does not prohibit email service—'where the address of the person to be served with the document is not known.'" *Glob. Brother SRL v. Zhuliang*, 2026 U.S. Dist. LEXIS 64835, *4 (M.D. Fla. 2026) (*citing* Article 1 of the *Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters*, Nov. 15, 1965, 20 U.S.T. 361); *accord Chanel, Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745, *6 (S.D. Fla. 2010).

Based on these reasonably diligent efforts, Plaintiff respectfully submits that Defendants' present physical addresses are not known within the meaning of Article 1 and that the Hague Service Convention therefore does not govern service under the circumstances presented here. If the Court grants Plaintiff's pending Motion for Alternative Service, Plaintiff will promptly serve Defendants through the methods authorized by the Court and file proof of service.

### IV.    Alternative Request for Additional Time

Plaintiff believes the investigation already completed – including in-person investigation in China by Plaintiff's personnel – is sufficient to establish that Defendants' addresses are invalid and that Defendants' current physical addresses remain unknown. In the alternative, if the Court believes that some further investigation is needed, Plaintiff hereby asks for a ninety (90) day

extension of the service deadline (currently set for August 22, 2026).

Dated: July 13, 2026                              Respectfully submitted,


                                                  */s/ Luca L. Hickman*
                                                  Luca L. Hickman, Esq.
                                                  Florida Bar No. 118731
                                                  Mario Martinez, Esq.
                                                  Florida Bar No. 1033018

                                                  **DINSMORE & SHOHL LLP**
                                                  201 North Franklin St., Suite 3050
                                                  Tampa, Florida 33602
                                                  Phone: (813) 543-9835
                                                  Primary: Luca.Hickman@Dinsmore.com

                                                  *Counsel for PetPivot Inc.*